IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL A. HOWELL,

       Petitioner,

v.                                                                 Case No.: 4:04-cv-299/MCR

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections

       Respondent.
_____/

## ORDER DENYING EMERGENCY MOTION FOR STAY OF EXECUTION

Pending before the court is Paul Howell's Emergency Motion For Stay of Execution (doc. 38), which Respondent opposes (doc. 42).[1] Howell argues he is entitled to a stay of his execution so that due consideration can be given to the merits of his Emergency Motion For Relief From Judgment. (Doc. 26).

A stay of execution is an equitable remedy and "'[e]quity must take into consideration the State's strong interest in proceeding with its judgment . . . .'" *Nelson v. Campbell*, 541 U.S. 637, 649, 124 S. Ct. 2117, 158 L. Ed.2d 924 (2004)(quoting *Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 112 S. Ct. 1652, 118 L. Ed.2d 293 (1992)). Thus, before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim. *Nelson*, 541 U.S. at 649-650. Given the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits of a pending motion without requiring entry of a stay. *Id*. at 650. Additionally, a stay of execution should

---

[1] Howell is currently scheduled to be executed on February 26, 2012, at 6 pm.

be granted only when the habeas petition or Rule 60(b) motion presents substantial grounds upon which relief might be granted. *See Bowersox v. Williams*, 517 U.S. 345, 346, 116 S. Ct. 1312, 134 L. Ed.2d 494 (1996); *Delo v. Stokes*, 495 U.S. 320, 321, 110 S. Ct. 1880, 1881, 109 L. Ed.2d 325 (1990) (per curiam) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S. Ct. 3383, 3396, 77 L. Ed.2d 1090 (1983) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'")). Because the court has denied Howell's emergency motion seeking relief under Rule 60(b), the court finds there are no substantial grounds upon which relief might be granted.[2] Therefore, Howell is not entitled to a stay of execution.

Accordingly, Howell's emergency motion for stay of execution (doc. 38) is DENIED.

**DONE AND ORDERED this 23rd day of February, 2013.**

>   s/ *M. Casey Rodgers*
>   **M. CASEY RODGERS**
>   **CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] The court also finds that the presumption against a stay applies in this case, as Howell could have pursued Rule 60(b) relief - but did not - in such a time as to allow consideration of the merits of his motion without requiring entry of a stay.

Case No. 4:04cv299/MCR