# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PAUL A. HOWELL,

    Petitioner,

v.                                                   Case No.: 4:04-cv-299/MCR

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections

    Respondent.
_____/

## **CERTIFICATE OF APPEALABILITY**

    On Saturday, the court denied Howell's Emergency Motion For Relief From Judgment (doc. 44 ). The court's order did not address a certificate of appealability, and Howell has now moved for the certificate in connection with his Notice of Appeal (doc. 47). On consideration, the court finds that a Certificate of Appealability should issue.

    As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 11(b).

    The undersigned concludes that the following issue is debatable among jurists of reason and adequate to deserve encouragement to proceed further: whether, on the facts of this case, the Supreme Court's decision in *Holland v. Florida*, ___ U.S. ___,130 S. Ct. 2549, 177 L.Ed.2d 130 (2010) is an extraordinary circumstance under Fed. R. Civ. P. 60(b)(6) sufficient to justify the reopening of the final judgment of dismissal in this case. *See Slack v. McDaniel*, 529 U.S. 473, 483-84,120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing). Although the State argues in its response that the issue is not debatable among jurists of reason due to *Hutchinson v State*, 677 F.3d 1097 (11th Cir. 2012), *Hutchinson* did not address what level of attorney conduct beyond

negligence in miscalculating a filing deadline would amount to an extraordinary circumstance under *Holland*. Here, Howell argues that his state post conviction counsel did more than simply miscalculate the filing deadline; according to Howell, she abandoned him completely during the critical limitations period because her first communication with him was only *after* the AEDPA filing deadline had already passed.[1] No definitive guidance was given in *Hutchinson* or in *Banks v. Secretary of the Florida Department of Corrections,* 2012 WL 4901162 (11th Cir. October 16, 2012) on this issue. Therefore, *Hutchinson* does not foreclose a debate on the issue by jurists of reason, s*ee Maples v. Thomas*, ___ U.S. ___, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012), and Howell should be granted leave to appeal in forma pauperis on the issue.

Accordingly, Howell may appeal in forma pauperis and a Certificate of Appealability is issued for appeal on the issue of whether the Supreme Court's decision in *Holland v. Florida*, ___ U.S. ___,130 S. Ct. 2549, 177 L.Ed.2d 130 (2010) is an extraordinary circumstance under Fed. R. Civ. P. 60(b)(6) and the facts of this case sufficient to justify the reopening of the final judgment of dismissal in this case.[2]

**DONE AND ORDERED this 25th day of February, 2013.**

         *s/ M. Casey Rodgers*
         **M. CASEY RODGERS**
         **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Howell asserts the due diligence prong of *Holland* is satisfied because he did not have the mental capacity during the relevant time period to understand his rights and obligations under the AEDPA and therefore was not able to act upon those rights and obligations in a timely manner. Howell submitted the affidavits of two medical doctors in support of this argument.

[2] The State argues there is another compelling reason to deny the motion for COA and that is the requirement under Eleventh Circuit Rule 22-4(a)(7) that the Court of Appeals "grant a temporary stay pending consideration of the merits of the appeal if necessary to prevent mooting the appeal." The State insists Howell should not be granted a stay, given his delay in filing his Rule 60(b) motion. This is a convincing argument on a motion for stay, and indeed, Howell's delay in filing his Rule 60(b) motion was a basis for this court's denial of Howell's motion for stay of execution. However, the only issue before the court at this time is whether a COA should issue, which provides no occasion for this court to consider a stay; the question of whether a temporary stay should be granted now rests with the Eleventh Circuit.