# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PAUL A. HOWELL,

    Petitioner,

v.                                          Case No.: 4:04-cv-299/MCR

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections

    Respondent.

_____/

## AMENDMENT TO ORDER ON EMERGENCY
## MOTION FOR RELIEF FROM JUDGMENT

The court hereby amends its order on Howell's Emergency Motion For Relief From Judgment (doc. 44), in furtherance of the appeal which is currently pending in the Eleventh Circuit Court of Appeals. See U.S.C.A. No. 13-10766-P (Feb. 26, 2013).[1] In its original order denying Howell's emergency motion for relief from judgment (doc. 36), the court considered the lack of communication from Howell's postconviction attorney, only in the context of Howell's due diligence. See *Holland v. Florida*, 130 S. Ct. 2549, 177 L. Ed.2d 130 (2010). However, in reviewing Howell's application for a certificate of appealability (doc. 47), particularly in light of the Supreme Court's opinion in *Maples v. Thomas*, 132 S. Ct. 912, 181 L. Ed.2d 807 (2012), it became apparent to the court that Howell's attorney's conduct could relate both to the extraordinary circumstances prong and the due diligence prong of equitable tolling under *Holland*.[2] In its original order, the court found that Howell's

---

[1] The filing of a notice of appeal does not prevent a district court from taking action in furtherance of an appeal. See *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003); *U.S. v. Vernier*, 152 F..App'x. 827, 834-35 (11th Cir. 2005)("the supplemental order was a permissible act in aid of appeal precisely because it facilitated, rather than interfered with the review of an appeal.").

[2] Howell cited *Baldayaque v. U.S.*, 338 F.3d 145, 153 (2d Cir. 2003) in his emergency motion noting that one of the factors to be considered is an attorney's assurances that everything is being done on behalf of the client. See doc. 36, p. 30, n.15.

attorney's erroneous assumption that an extension of time of the Rule 3.851 time period would extend the AEDPA deadline amounted to garden variety neglect which does not constitute an extraordinary circumstance entitling Howell to equitable tolling. *See id.* The issue then is whether Howell's attorney's conduct beyond missing the filing deadline may rise to the level of something more than garden variety negligence, thus constituting an extraordinary circumstance entitling Howell to equitable tolling of his federal time limitations period under AEDPA.[3]

In *Holland*, the Supreme Court made clear that although "exercise of a court's equity powers ... must be made on a case-by-case basis," *Holland*, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S. Ct. 1316, 12 L. Ed.2d 377 (1964)), an attorney's garden variety neglect in miscalculating the AEDPA filing deadline will not provide a basis for tolling a statutory time limit. *Id*. at 2554. *Holland*, however, distinguished simple negligence from a claim of attorney abandonment, which the Court found, if true, "would suffice to establish extraordinary circumstances beyond [petitioner's] control. Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." *Id*. at 2568 (ALITO, J., concurring).[4] Following its *Holland* decision, the Court

---

[3] Respondents cite *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012) in their response to Howell's Rule 60(b) motion as controlling Eleventh Circuit precedent that garden variety negligence is not sufficient to warrant equitable tolling. *See* doc. 40, p.15-16. In that case, however, the Eleventh Circuit denied relief to Hutchinson based on his lack of due diligence in pursuing his federal rights, not the absence of extraordinary circumstances. ("We need not decide whether Hutchinson has established that an extraordinary circumstance stood in the way of his meeting the § 2244(d) filing deadline, because he has not carried his burden of showing that he pursued his rights diligently." *Id.* at 1103); *see also Banks v. Sec'y, Fla. Dept. of Corr.*, 2012 WL 4901162 (11th Cir. 2012), in which the Eleventh Circuit declined to decide whether *Holland* is an extraordinary circumstance under Rule 60(b)(6)(holding that Banks's federal habeas petition was untimely, where period between second postconviction counsel's appointment and filing for federal habeas exceeded one-year statute of limitations and Banks was not diligent in pursuing his federal rights).

[4] In *Holland*, 130 S. Ct. at 2564, the Supreme Court recognized circuit court opinions holding that unprofessional attorney conduct may, in certain circumstances, prove "egregious" and can be "extraordinary" for purposes of equitable tolling, citing , *e.g.*, *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (ordering hearing as to whether client who was "effectively abandoned" by lawyer merited tolling); *Baldayaque v. U.S.*, 338 F.3d 145,152–153 (2d Cir. 2003) (finding that where an attorney failed to perform an essential service, to communicate with the client, and to do basic legal research, tolling could, under the circumstances, be warranted); *Spitsyn v. Moore*, 345 F.3d 796, 800–802 (9th Cir. 2003)(finding that "extraordinary circumstances" may warrant tolling where lawyer denied client access to files, failed to prepare a petition, and did not respond to his client's communications).

Case No. 4:04cv299/MCR

addressed the issue of attorney abandonment as establishing cause for a procedural default and stated, "[w]e agree that, under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Maples v. Thomas*, *supra,* 132 S. Ct. at 924. In *Maples*, the Court determined that petitioner had established cause for the procedural default of his federal habeas claim where he had been abandoned by his counsel of record with no warning. In that case, petitioner's out-of-state attorneys, who were on record as representing him in postconviction proceedings, abandoned him without leave of court, without informing him they could no longer represent him, and without securing any recorded substitution of counsel. *Id.* at 924-26. Additionally, Maples's local counsel, who had agreed to serve only for purposes of enabling Maples's out-of-state attorneys to appear *pro hac vice*, did not act as Maples's agent in any meaningful sense. Moreover, because both the out-of-state attorneys and local counsel continued to be listed as Maples's attorneys of record on the court docket, Maples did not receive any notices from the state court in his case, and thus had no warning that he needed to fend for himself. *Id*. at 926-27. Thus, under *Maples*, a petitioner can establish cause for a procedural default if he can demonstrate he was abandoned by his counsel and had no knowledge of that fact.

In this case, Howell's postconviction attorney was appointed to represent him on December 21, 1998. She sent Howell a letter on July 12, 1999, informing him of the deadline of his state postconviction appeal. *See* doc. 36, attachment M. Although it is not entirely clear on the record, it appears this was the attorney's first communication with Howell, almost seven months after her appointment and two weeks after the deadline to file Howell's federal habeas petition had passed. The issue then is whether the attorney's lack of communication with Howell during the period between her appointment and the expiration of the AEDPA deadline rises to the level of abandonment or other serious misconduct sufficient to warrant equitable tolling of the deadline, especially when paired

with the attorney's failure to understand the procedures for preserving Howell's federal rights under the AEDPA.[5]

The court concludes that these circumstances do not rise to the level of extraordinary under *Holland* and *Maples* because Howell's attorney's conduct, even that related to her delay in contacting Howell, was based on her misunderstanding as to the AEDPA filing deadline, which the Supreme Court has held does not rise to the level of an extraordinary circumstance for equitable tolling. *Holland*, 130 S. Ct. at 2564; *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed.2d 924 (2007). The record before the court does not reflect any misconduct on Howell's attorney's part beyond her neglect in miscalculating the AEDPA filing deadline; no serious instance of attorney misconduct or abandonment has been shown. In fact, the record contains some suggestion, albeit slight, that the attorney was preparing Howell's state postconviction appeal both before and after expiration of the AEDPA deadline.[6] *See* doc. 36, attachment M. *See Smith* v. *Comm'r, Ala. Dept. of Corr.*, 703 F.3d 1266,1273 (11th Cir. 2012)("Although the record does not contain evidence of what communications took place between Smith and Massey—neither Smith himself nor Massey submitted an affidavit in the district court—we know that EJI informed Smith on July 26, 2001 that Massey had agreed to represent Smith and would be contacting him. And Massey took steps on Smith's behalf, both before and after the AEDPA limitations period ended."). Accordingly, the court concludes that Howell has failed to establish that his attorney's conduct amounts to an extraordinary circumstance for purposes of entitlement to equitable tolling.

**DONE** this 1st day of March 2013, *nunc pro tunc* the 23rd day of February 2013.

    s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] In his emergency motion, Howell argued that he should be excused from satisfying the due diligence requirement as a result of his mental incapacitation.

[6] There is nothing in the record to reflect that Howell was aware that his attorney had been appointed to represent him prior to her July 1999 letter.

Case No. 4:04cv299/MCR